Teri L. GOLTZ, Appellant,

v.

Samuel E. MASTEN, Respondent.

No. WD 72256.

Missouri Court of Appeals,
Western District.

March 1, 2011.

Dennis Owens, for Appellant.

Audara C. Lutjen, for Respondent.

Before Division Two: KAREN KING MITCHELL, Presiding Judge, JOSEPH M. ELLIS, Judge and VICTOR C. HOWARD, Judge.

JOSEPH M. ELLIS, Judge.

Teri Goltz appeals from a judgment entered in the Circuit Court of Bates County awarding Goltz $11,000.00 in an action filed by her against Samuel Masten for damages resulting from an automobile accident. For the following reasons, the judgment is affirmed.

On February 19, 2000, Masten was driving his car east on Highway 52 when Goltz approached his vehicle from behind with the high beam lights of her pickup truck on. Masten slowed on multiple occasions attempting to get Goltz to pass him. When those efforts failed, Masten pulled

into a driveway and stopped. Goltz slowed and stopped even with Masten's car. She then slowly drove on. Masten then got back on the highway and continued east. When he approached Goltz as they were both traveling down a hill, Masten turned on the high beams of his car. Goltz slammed on her brakes at the bottom of the hill. Masten attempted to stop his car but collided with the rear end of Goltz's truck.

Goltz told a highway patrol officer responding to the accident that she was not injured; however, later that night she went to the Appleton City hospital because she had developed a headache. Goltz denied having any neck pain, and the doctor found her neck to be supple. X-rays of the neck were normal. Subsequently, Goltz sought treatment from various medical providers for headaches and neck pain.

On February 8, 2005, Goltz filed a petition for damages against Masten in the Circuit Court of Bates County alleging that his negligence was the cause of the automobile accident and had caused her various injuries. The cause was tried to a jury on September 29 and 30, 2009. The jury eventually returned a verdict finding each party 50% at fault and assessing the total damages at $11,000.00. The trial court entered judgment in accordance with the jury's verdict; however, in response to Goltz's motion for judgment notwithstanding the verdict or for new trial, the court filed an amended judgment assessing 100% of the fault to Masten and awarding Goltz $11,000.00 in damages. Goltz brings three points on appeal.

■ In her first point, Goltz claims that the trial court erred in failing to *sua sponte* declare a mistrial after defense counsel asked her during trial whether she was the only one to receive a ticket from the highway patrol officer at the scene. When the question was asked, Goltz's attorney objected based upon the fact that the ticket received by Goltz had been for failure to present proof of insurance and an order *in limine* precluded any mention of insurance at trial. The trial court sustained the objection and instructed the jury to disregard the question. Goltz's attorney thanked the court and did not request a mistrial.

■ Goltz contends that our review of the trial court's failure to declare a mistrial should be for abuse of discretion. But Goltz made no request for mistrial, and she obtained the result sought by her attorney. "A party may not assert as error that the trial court failed to do more than was requested." *Wright v. Barr*, 62 S.W.3d 509, 533 (Mo.App. W.D.2001) (internal quotation omitted); *see also Chilton v. Gorden*, 952 S.W.2d 773, 780 (Mo.App. S.D.1997). Because her objection was sustained and no further remedial action was requested, Goltz has failed to preserve her claim that the trial court erred in failing to grant a mistrial. *Wright*, 62 S.W.3d at 533–34. Accordingly, any review would have to be for plain error. *Id.* at 534.

■ "[P]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." *Rule 84.13(c)*. "As a practical matter, we rarely resort to plain error review in civil cases," and "[w]e are even more reluctant to review an appellant's claim for plain error in a civil case where an objection was sustained and no further relief was requested." *Wright*, 62 S.W.3d at 534 (internal quotation omitted). "We will reverse for plain error in civil cases only in those situations when the injustice of the error is so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case." *Atkinson v. Corson*, 289 S.W.3d

269, 276–77 (Mo.App. W.D.2009) (internal quotation omitted). Goltz has not requested plain error review, and we perceive of no reason to exercise our discretion to grant such review in this case. Point denied.

■ In her next point, Goltz claims that the trial court erred in instructing the jury on comparative negligence. The following jury instruction, patterned after MAI 37.02 and 17.20, was given to the jury:

In your verdict you must assess a percentage of fault to plaintiff if you believe:

First, plaintiff stopped her automobile in a lane reserved for moving traffic, and

Second, plaintiff was thereby negligent, and

Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.

Goltz argues that the evidence submitted at trial could not have supported a determination by the jury that she had completely stopped her vehicle at the time of the collision. Goltz notes that she testified at trial that she never completely stopped her vehicle. While acknowledging that Masten testified that he believed that her vehicle had come to a complete stop, Goltz contends that testimony is not entitled to any weight in light of Masten's later testimony that he could not tell if Goltz's truck was still rolling when the collision occurred.

■ "Whether a jury was properly instructed is a question of law this Court reviews *de novo.*" *Hayes v. Price,* 313 S.W.3d 645, 650 (Mo. banc 2010). "Any issue submitted to the jury in an instruction must be supported by substantial evidence from which the jury could reasonably find such issue." *Id.* (internal quotation omitted). "If there is evidence from which a jury could find that plaintiff's conduct was a contributing cause of her damages, parties to a negligence action are entitled to have their case submitted to the jury under comparative fault principles, absent an agreement to the contrary." *Thompson v. Marler,* 286 S.W.3d 261, 266 (Mo.App. S.D.2009) (internal quotation omitted). "Review is conducted in the light most favorable to the submission of the instruction, and if the instruction is supportable by any theory, then its submission is proper." *Bach v. Winfield–Foley Fire Prot. Dist.,* 257 S.W.3d 605, 608 (Mo. banc 2008). "Instructional errors are reversed only if the error resulted in prejudice that materially affects the merits of the action." *Id.*

In this case, any prejudice sustained by Goltz as a result of the submission of the comparative fault instruction manifested itself in the jury's apportionment of fault. *See Hayes,* 313 S.W.3d at 652. The trial court ultimately entered judgment in this case finding Masten 100% at fault and awarding Goltz the full $11,000.00 in damages found by the jury. Thus, even assuming, *arguendo,* that the evidence did not support a comparative negligence instruction, the record does not establish that Goltz suffered any prejudice as a result of the submission of the instruction. *See Id.* at 656. (remedying the erroneous submission of a comparative fault instruction by entering judgment holding the defendant 100% at fault and assessing damages in the amount found by the jury).

While Goltz claims that the jury instruction "most certainly would have influenced the jury when deciding the amount of her damages," that bold, unsupported assertion is not self-proving or self-evident. Arguments and conclusions grounded in speculation, conjecture, or suspicion do not establish prejudice. *Winfield v. State,* 93 S.W.3d 732, 737 (Mo. banc 2002); *Berry v.*

*Allgood,* 672 S.W.2d 74, 78 (Mo. banc 1984). Point denied.

In her final point, Goltz contends that the trial court erred in denying her motion for new trial on the issue of damages as a result of the cumulative effect of the errors claimed in her first two points. Since her first claim of error was not preserved for appellate review and her second claim of error failed to establish any prejudice, there has been no showing of prejudice resulting from any of the trial court's rulings, and, accordingly, there were no cumulative errors upon which to grant a new trial. *Ziolkowski v. Heartland Reg'l Med. Ctr.,* 317 S.W.3d 212, 223–24 (Mo.App. W.D.2010). Point denied.

The judgment is affirmed.

All concur.